# **<u>EXHIBIT B</u>**

CAUSE NO. _____

| | | |
|---|---|---|
| **VIRGINIA BRECEDA GARCIA** | § | **IN THE DISTRICT COURT** |
| **Plaintiff** | § | |
| | § | |
| | § | |
| **V.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **FIESTA MART LLC,** | § | |
| **Defendant** | § | **HARRIS COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Virginia Breceda Garcia, hereinafter called Plaintiff, complaining of Fiesta Mart LLC, hereinafter called Defendant, and for cause of action show unto the Court the following:

### I.
### LEVEL

Discovery is intended to be conducted under Level 2 of Texas Rules of Civil Procedure 190.

### II.
### PARTIES

Plaintiff, Virginia Breceda Garcia, is an individual who resides in Harris County.

Defendant, Fiesta Mart LLC is a Corporation doing business in Harris County, Texas. Defendant may be served with process by serving its registered agent CT Corporation System at 1999 Bryan St. STE 900, Dallas, Texas 75201.

### III.
### VENUE

The subject matter in controversy is within the jurisdictional limits of this court.

Plaintiffs seek:

1

a.     only monetary relief of over $250,000 and not less than $1,000,000.00, or

less including damages of any kind, penalties, costs, expenses, pre-

judgment interest, and attorney fees.

Venue in Harris County is proper in this cause under Section 15.002(a)(1) of the Texas

Civil Practice and Remedies Code because the cause of action occurred in Harris County, Texas.

### IV.
### FACTS

This suit is brought under and by virtue of the laws of the State of Texas to recover those

damages which Plaintiff is justly entitled to receive as compensation for injuries she sustained in an

incident that happened on or about November 16, 2020.  On that date, Plaintiff, an invitee, visited a

Fiesta location in Houston, Texas. Plaintiff was on her way to the cashier to pay when she slipped

and fell on a piece of glass that came from a broken Fanta bottle. The premises owned by Defendant

was negligently maintained.  On the date of the incident, the premises were under the custody and

control of the Defendant that resulted in severe injuries. The Defendant failed to warn Plaintiff of the

dangerous condition and failed to make the dangerous condition safe for Plaintiff prior to her fall.

### V.
### NEGLIGENCE

The occurrence made the basis of this suit and the resulting injuries and damages were

proximately caused by the negligence and/or negligence per se of the Defendant, for a variety of acts

and omissions, including but not limited to one or more of the following:

1.     In failing to properly maintain said premises in a reasonable manner;

2.     In failing to properly maintain said premises in a safe manner;

3.     In failing to exercise caution;

2

4.    In failing to provide warning; and,

5.    In maintaining said premises in a reckless and careless manner.

Each and all of the above acts and/or omissions constituted negligence and each and all were the proximate cause of the following made the basis of this suit and the injuries and damages suffered by the Plaintiff herein.

## VI.
## PREMISES LIABILITY-INVITEES

The occurrence made the basis of this suit and the resulting injuries and damages were caused by the Defendant's failure to properly maintain said premises in a safe manner. Plaintiff would show that:

1.    The Plaintiff was an invitee;

2.    The Defendant was a possessor of that premises;

3.    A condition on the premises posed an unreasonable risk of harm;

4.    The Defendant knew or reasonably should have known of the danger;

5.    The Defendant breached its duty of ordinary care by both:

    a.   Failing to adequately warn the Plaintiff of the condition, and

    b.   Failing to make the condition reasonably safe; and

6.    The Defendant's breach proximately caused the Plaintiff's injuries.

## VII.
## DAMAGES

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer pain and suffering and to incur the following damages:

    A.    Reasonable medical care and expenses in the past.  These expenses were
          incurred by Plaintiff for the necessary care and treatment of the injuries

3

resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;

B.   Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C.   Physical pain and suffering in the past;

D.   Physical pain and suffering in the future;

E.   Physical impairment in the past;

F.   Physical impairment which, in all reasonable probability, will be suffered in the future;

G.   Loss of earnings in the past;

H.   Loss of earning capacity which will, in all probability, be incurred in the future;

I.   Disfigurement in the past;

J.   Disfigurement in the future;

K.   Mental anguish in the past; and

L.   Mental anguish in the future.

**VIII.**
**JURY TRIAL**

Plaintiff respectfully requests a trial by jury.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**BASU LAW FIRM, PLLC**

/S/Annie Basu

_____

Annie Basu
TBN: 24047858
Jordan Sloane
TBN: 24118537
P. O. Box 550496
Houston, Texas 77255
Tel: 713-460-2673
Fax: 713-690-1508
info@basulaw.com
**ATTORNEY FOR PLAINTIFF**

## <u>REQUESTS FOR DISCLOSURE</u>

Pursuant to the provisions of Tex. R. Civ. P. Rule 190.3, Plaintiff serves upon Defendant, Texas Rule of Civil Procedure 194 Request for Disclosure.  You are hereby requested to disclose the information or material described in Rule 194.2(a); 194.2(b); 194.2(c); 194.2(e); 194.2(f) (1), 194.2(f)(2), 194.2(f)(3), 194.2(f)(4)(A), and 194.2(f)(4)(B); 194.2(g); 194.2(h); 194.2(i); 194.2(j),194.2(k) and 194.2 (l) within fifty days of your receipt of this document, by sending your responses to Annie Basu, P. O. Box 550496, Houston, Texas 77255.

/s/Annie Basu

ANNIE BASU

1/11/2021 4:07 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 49595766
By: DAVIA FORD
Filed: 1/11/2021 4:07 PM

CAUSE NO. 202079695

| | | |
|---|---|---|
| VIRGINIA BRECEDA GARCIA | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| FIESTA MART LLC | § | |
| Defendants. | § | |
| | § | |
| | § | 295th  JUDICIAL DISTRICT |

## DEFENDANT FIESTA MART LLC'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant FIESTA MART LLC, files this Original Answer to Plaintiff's Original Petition ("Petition"), and in support thereof, would respectfully show the Court the following:

### I.   General Denial

1.      Under Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation made against Defendant in Plaintiff's Petition.

### II.   Jury Demand

2.      Defendant hereby exercises its rights to demand a trial by jury under Rule 216 of the Texas Rules of Civil Procedure on all issues triable by a jury.

### III.   Request for Disclosure

3.      Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff is requested to disclose, within thirty days of service of this request, the information or material described in Rule 194.2(a)-(l) and the documents described in Rule 194.4 of the Texas Rules of Civil Procedure.

### IV.   Prayer

FOR THESE REASONS, Defendant FIESTA MART LLC, respectfully pray that the Court enter a judgment that:

1

HOULITIGATION:1732822.1

1.      Dismisses all claims against Defendant FIESTA MART LLC, and order that

Plaintiff takes nothing by reason of Plaintiff's allegations.

2.      Orders that Defendant recovers all costs incurred in defense of Plaintiff's claims,

and that Defendant's judgment against Plaintiff include the following:

a.   Costs of suit; and

b.   Such other and further relief, general and special, at law or in equity, to which

Defendant may be justly entitled.

Respectfully submitted,
MEHAFFYWEBER, P.C.

By:/s/Maryalyce W. Cox
Maryalyce W. Cox
State Bar No. 24009203
One Allen Center
500 Dallas, Suite 2800
Houston, Texas  77002
Telephone  - (713) 655-1200
Telecopier  - (713) 655-0222
maryalycecox@mehaffyweber.com

ATTORNEYS FOR DEFENDANT
FIESTA MART LLC

**<u>CERTIFICATE OF SERVICE</u>**

This will certify that a copy of the foregoing document was furnished to counsel for
Plaintiff on January 11, 2021, pursuant to the Texas Rules of Civil Procedure.

_Maryalyce W. Cox_
Maryalyce W. Cox

2